CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 09 2019
JULIA C. DUDLEY, CLERK
BY: /s/ HMcOnnell
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMIAH RYAN HILL, | CASE NO. 7:19CV00186 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNKNOWN, | By: Hon. Jackson L. Kiser |
| | Senior United States District Judge |
| Respondent. | |

Jeremiah Ryan Hill, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He challenges the 2018 judgment of the Grayson County Circuit Court under which he stands convicted of assault and battery and strangulation. Upon review of the record, I conclude that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). As to claims that generally cannot be addressed on direct appeal, such as claims of ineffective assistance of trial counsel, the petitioner's state court remedies in Virginia include filing a state habeas petition in the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, a petitioner must ultimately present his claims to the Supreme

Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254.

In this § 2254 petition, Hill alleges that his trial attorney failed to file a notice of appeal after Hill asked him to do so and that subsequent attorneys did not assist him in obtaining a belated appeal. Hill indicates on his petition that he did not appeal. He states that he did file a post-conviction motion in the trial court about his attorney's alleged failings, but it was denied. Hill does not indicate that he has ever filed a petition for a writ of habeas corpus in any state court, and state court records available online do not indicate that he has done so. Because these records indicate that Hill has not presented his current claims to any state court in a petition for a writ of habeas corpus, the appropriate legal vehicle by which he may ordinarily do so, he has not yet exhausted available state court remedies as required under § 2254(b). Therefore, I must dismiss his § 2254 petition without prejudice to allow him to return to state court to do so.[1] See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTERED this 9th day of April, 2019.

_Jackson L. Kiser_
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Hill is advised that the time to file a state court habeas petition is limited, such that he should promptly pursue any such remedy. If he is dissatisfied with the outcome after exhausting available state court remedies, he may file another § 2254 petition in this court at that time. While properly filed state court habeas corpus proceedings are pending, the time limit to file a § 2254 petition will be paused (also known as tolled). See 28 U.S.C. § 2254(d)(2).